In this case, the Judges were unanimous in opinion, with respect to the gift of the wench Peg to Mrs. Ganey, after her first marriage,' from the father, the defendant Sweet, as it had been determined over and over again, in a great variety of cases in this country, that a parent’s permitting negroes, or other chattels, to go over to, or along with a child, after marriage, was a good transfer; and it has always been considered as a gift, or part of the marriage portion to such child, and intended as a provision for his or her advancement in life ; and his sending the wench home to her after she had gone to house-keeping, was the. same thing as if he sent her along with her, when she left *531 ais house. But upon the legal effect of the adverse possession of the defendant Sweet., after he took the wench back again, there was a difference of opinion. Three of them, Waties, Bay and Lee, were of opinion, that the act of limitations was too strong and imperious to be got over on the present occasion. Here was unquestionably an adverse possession, or holding over against the right of Ganey and wife ; and they lay by all that time, and ■ slept upon their rights, without pursuing their legal remedy to recover them ; and this is precisely the kind of right which the statute says shall be for ever barred and taken away. And the policy of this act was to make men vigilant in pursuing their legal rights, and to prevent old dormant claims from rising up after a lapse of many years. If there had been any circumstances in this case, to prove, that the defendant had acted as a trustee for his daughter, or had considered himself as such, that, indeed, might have taken the case out of the statute. But so far from, that being the case, he took upon him to make a deed of gift of the wench, after he took her back, as if she had been his own property, which was duly recorded; and this was notice sufficiently notorious, that he did not mean to hold in trust for his daughter, Mrs. Ganey. The relationship between the parties, and the forbearance of Ganey and wife on that account to pursue their rights by action at law, may, and really does, make this a hard case; but that does not alter the rules of law, or the positive regulations of the statute upon the doctrine of possession. They were, therefore, for a new trial;
GaiMKE and Buevaed,
were of a contrary opinion j they thought this an extreme hard case, and if there was any thing to bear them out in it, felt themselves disposed to give this case a contrary construction. The act of the defendant himself, after he had taken the wench away from his daughter, appeared to them sufficiently strong *532 to justify a conclusion, that he either considered himself as a trustee for his daughter, Mrs. Ganey, or acknowledged her right of property, by paying wages for her; for it must be recollected, that it came out in the course of the evidence reported by the Judge who tried the cause, that once upon an occasion when another daughter complained of the partiality probably of the father, in sending a shawl and some other articles to this daughter Mrs. Ganey, that he said “ they were not presents, but for Peg’s zvagesP Here then was a positive declaration or acknowledgment of his paying wages for the use and labour of this zvench on the part of the defendant himself notwithstanding he had taken upon him to make a deed of gift of her to his son, which it was highly presumable, was only a colourable business.
From this it is evident, that he himself considered the property of the wench, in his daughter, notwithstanding he had so detained her in his possession. This they compared to a tenant holding land, who pays rent to a landlord, in which case he never can gain a title by possession, or call the right which he himself acknowledges to be in the landlord, in question. So that whether in this case the defendant be considered as a trustee for the use of the daughter, or as hiring the wench and paying wages for her, they thought the right of property in the plaintiffs, and that .the verdict should stand.'
Rule, however, for a new trial made absolute.